ORDER

¶ 1. This matter is before the Court sitting en banc following the motion by the Mississippi Bar to terminate disciplinary proceedings against Richard R. Ellington and to consider Ellington’s resignation from the Bar as a disciplinary action. Ellington has not responded to the Bar’s motion. We find that all procedural prerequisites have been met and accept Ellington’s irrevocable resignation.
I.
¶2. The Mississippi Bar filed a formal complaint seeking the disbarment of Ellington. The complaint was based on Ellington’s conviction for conspiracy to commit mail fraud, in violation of 18 U.S.C. § 371, and mail fraud, in violation of 18 U.S.C. § 1341. After service of the complaint, Ellington wrote a letter to the Executive Director for the Bar. In that letter, he informed the Director that he did not intend to respond to the complaint and that he wished to voluntarily resign from the Bar. Ellington sent another letter to the Office of General Counsel for the Bar informing him of the same. The General Counsel received a second letter reiterating Ellington’s position. Ellington sent a fourth letter to the Clerk of this Court in which he asked that she accept the letter *108 as a request for immediate resignation from the Bar.
¶ 3. The Bar now requests, pursuant to Rule 10.5 of the Rules of Discipline for the Mississippi State Bar, that the Court accept Ellington’s resignation, terminate all disciplinary proceedings, revoke Ellington’s license to practice law, forever bar his right to seek reinstatement, and deem the resignation as a disciplinary action. In considering the Bar’s motion, we again acknowledge that Ellington did not respond to the motion.
II.
f 4. Ellington was convicted by a jury in the U.S. District Court for the Southern District of Florida. United States v. Richard Ellington, Cause No. 01-08069. Subsequent to that verdict, the trial judge granted Ellington’s post-trial Motion for a Judgment of Acquittal. The United States successfully appealed whereby the Eleventh Circuit vacated the district court’s decision and reinstated the conviction. See United States v. Ellington, 348 F.3d 984 (11th Cir.2003). On April 23, 2004, the district court sentenced Ellington to four months in the custody of the U.S. Bureau of Prisons and two years of supervised release.
¶ 5. The Bar received an Acknowledgment of Receipt of Summons and Formal Complaint signed by Ellington on June 19, 2004. Accompanying the acknowledgment was the first of the four aforementioned letters. The other letters were received during the weeks following receipt of the acknowledgment.
III.
¶ 6. Rule 10 of the Rules of Discipline provides in part:
* * * * * :|:
(b) Irrevocable resignations may be tendered to the Court or Complaint Tribunal at any time after Complaint Counsel’s receipt of a complaint.
Procedure
* * * * * *
(10.5) Irrevocable Resignation — Contents and Effect. An attorney may tender an irrevocable resignation to either the Court or the Tribunal. Such a resignation shall acknowledge each and all disciplinary matters then pending, provide the docket number or numbers, state that the attorney does not desire to defend, and request permission to resign with prejudice from the Bar. Upon receipt of such a resignation, and any response that the Bar may elect to file, the disciplinary proceedings shall terminate and either the Court or the Tribunal shall enter its order accepting the resignation, revoking the attorney’s license, and barring forever thereafter the attorney’s right to seek reinstatement to the privilege of practicing law in this state. Such a resignation and order shall be considered disciplinary action, and the resignation shall be considered tantamount to the proof of guilt on the matter charged.
Mississippi Rules of Discipline 10. See also In re McDaniel, 849 So.2d 891 (Miss. 2003).
¶ 7. Individually and collectively the letters sent by Ellington satisfy the requirements of Rule 10.5. In each he acknowledged the disciplinary matters pending against him, stated that he did not desire to defend such and requested permission to resign. In his second letter to the General Counsel for the Bar, Ellington stated, inter alia, that “I know better than anyone my privilege to practice law has *109 been lost.” From reading Ellington’s four letters as a whole, it is clear that Ellington has submitted an irrevocable resignation wherein he has requested permission to resign with prejudice from the Mississippi Bar. The Court hereby accepts Ellington’s irrevocable resignation, revokes his license and bars forever his right to seek reinstatement.
¶ 8. IT IS, THEREFORE, ORDERED, ADJUDGED, and DECREED as follows:
¶ 9. The irrevocable resignation from membership in The Mississippi Bar by Richard R. Ellington is hereby accepted.
¶ 10. The license of Richard R. Ellington to practice law in the State of Mississippi is revoked with prejudice.
¶ 11. Richard R. Ellington is forever barred from seeking reinstatement to the privilege of practicing law in the State of Mississippi.
¶ 12. Pursuant to Rule 10.5 of the Rules of Discipline, Ellington’s resignation and this order are disciplinary action, and the resignation is tantamount to the proof of guilt on the matter charged.
¶ 13. This disciplinary proceeding is now terminated.
¶ 14. This order shall constitute notice of irrevocable resignation in this cause.
¶ 15. The Clerk of the Supreme Court of Mississippi shall immediately forward an attested copy of this order to the Circuit Court Judges and Chancellors in and for Hinds County, Mississippi, and the Senior Judges of such courts shall enter this order upon the minutes of their respective courts.
¶ 16. The Clerk of the Supreme Court of Mississippi shall immediately forward a copy of this order to the Clerks of the United States District Courts for the Northern and Southern Districts of Mississippi, the Clerk of the United States Court of Appeals for the Fifth Circuit, and the Clerk of the Supreme Court of the United States.
¶ 17. Costs are hereby assessed against Richard R. Ellington.
¶ 18. SO ORDERED, ADJUDGED, and DECREED.
/s/ George C. Carlson, Jr. GEORGE C. CARLSON, JR., Justice FOR THE COURT
DIAZ AND GRAVES, JJ., NOT PARTICIPATING.